IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STERLING ROBINSON** | : | **CIVIL ACTION** |
| **v.** | : | **NO. 12-1212** |
| **FRANK GREEN (WARDEN), et al** | : | |

### MEMORANDUM OPINION

**Savage, J.**                                                                                                   **November 5, 2012**

In this civil rights action brought pursuant to 42 U.S.C. § 1983, Sterling Robinson ("Robinson"), a state prisoner, contends that the defendants committed medical malpractice and violated his Eighth Amendment right to be free from cruel and unusual punishment. He claims that because the defendants inadequately treated his rib injury, did not administer an immediate x-ray, and did not provide him with the results of the x-ray and an EKG taken later, he has an improperly healed rib which causes pain. In his original complaint,[1] he named as defendants Frank Green ("Green"), the Warden of George W. Hill Correctional Facility ("GWHCF"); Linda Maher, the prison medical supervisor; and the "Medical Department." In an amendment, labeled as "Notice to Amend Lawsuit," Robinson supplied additional facts and increased his monetary demand. Doc. No. 8.

Robinson has withdrawn all claims against the "Medical Department." Pl.'s Supp. Mem. Opp'n to Mot. to Dismiss, at 8, Doc. No. 17. Defendant Maher was not served with a summons and a copy of the complaint within 120 days as required by Fed. R. Civ. P. 4(m). Despite having been given additional time to serve her, Robinson failed to take any steps to effectuate service. Therefore, the complaint was dismissed as to Maher. Doc.

---

[1] Robinson filed a motion to add defendants in which he identified other personnel with whom he interacted. Doc. No. 13. Because he ascribed certain acts and omissions to each of these persons, we shall treat his motion as an amendment to his complaint.

No. 22.

Green, the remaining defendant named in the complaint, has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). He contends that Robinson has failed to state a claim against him in his capacity as the warden.

## Motion to Dismiss Standard

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 334 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). A complaint must contain enough facts to give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). It must show that the plaintiff is entitled to relief.

A motion to dismiss for failure to state a claim "tests the legal sufficiency of plaintiff's claim." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006). Where a bar to relief is apparent from the face of the complaint, dismissal under Rule 12(b)(6) may be granted. *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001) (citing *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994)). In assuming the sufficiency of the complaint, Robinson's *pro se* pleadings are considered deferentially, affording him the benefit of the doubt where one exists. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). With these standards in mind, we shall accept as true the facts as they appear in Robinson's complaint and draw all possible inferences from these facts in his favor.

**Facts**[2]

On August 14, 2011, while an inmate at GWHCF, Robinson fell from his bunk, hitting his ribs on a drawer. He received no response to the emergency call button. The next day, he submitted a sick-call request for the injury to his ribs. Because he received no response to his request, he made a second sick call request on August 22, 2011. Again, this request was not answered.

Three months later, on November 24, 2011, Robinson filed a grievance complaining of a lack of medical attention. He did not claim he had severe pain or suffering since his August sick call requests.

On November 28, 2011, Robinson was seen by Catherine Halstead, a registered nurse. She gave him three Motrin. She did not order an x-ray. That same day, Maher responded to the grievance. She documented that Robinson was seen on November 28, 2011, and that no further treatment was necessary. She also advised him to purchase over the counter medication from the commissary.

On November 30, 2011, Robinson filed a grievance claiming that Halstead failed to give him adequate medical attention. He also submitted another sick call request. Two days later, he was seen by nurse "Kendra M."[3] After informing Robinson that from his evaluation there was nothing wrong with him, she declined to render any medical treatment.

---

[2] For the purpose of considering the motion to dismiss, the facts are recited as alleged in Robinson's complaint, opposition to the motion to dismiss, supplemental memorandum of law in opposition to the motion to dismiss, motion to amend complaint, motion to add new defendants, and the exhibits attached to his complaint and amended complaint.

[3] It is unclear from the complaint and documents provided as to the full name of "Kendra M."

On December 2, 2011, Robinson filed a Step Two grievance with Green,[4] claiming that his Step One grievance had been denied, his numerous sick call requests went unanswered, and he was denied an x-ray and prescription medication. He received no response to this grievance.

After he filed the Step Two grievance, Robinson's sick calls continued to go unanswered and he believed he had to claim chest pain in order to receive treatment for his ribs. On December 17, 2011, after complaining of chest pains, Robinson was seen in the medical unit. Robinson refused treatment because Halstead told him that she would only check his temperature and render no other medical attention. Several hours after this incident, he was brought back to the medical department where Halstead apologized to him and told him she would order an x-ray and an EKG.

On December 19, 2011, Robinson had an x-ray and an EKG. On January 20, 2012, he submitted a request to the Health Care Administrator for the results of his x-ray and EKG. He received no response.

Robinson filed a grievance on February 28, 2012, requesting the results of his x-ray. Laura Maturo, a registered nurse assigned to respond to his grievance, told him that the results did not require him to be seen by medical personnel.

On March 4, 2012, Robinson filed another Step Two grievance concerning his request for the results of his x-ray. Green did not respond to Robinson.

Robinson received the results of his x-ray and EKG on May 31, 2012. The x-ray,

---

[4] A grievance is a prison complaint form. A Step One grievance may be submitted by an inmate who believes that an issue has not been resolved. If the inmate is dissatisfied with the answer to his Step One grievance, he may submit a Step Two grievance to the Warden, who has final authority.

4

according to Robinson, revealed two healed rib fractures.

Robinson alleges that he went to the medical department four times between August 2011 and November 2011. On each visit he informed the medical staff of his rib injury, but received no treatment. Robinson also alleges that the medical staff fabricated or discarded records of these requests.

## Discussion

To make a cause of action under § 1983, Robinson must allege facts, which if proven, would establish that (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the person depriving him of that right acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (internal citations omitted); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). Green argues that, as a matter of law, Robinson cannot establish that he was deprived of a constitutional right because a prison official's failure to respond to an inmate's grievance does not make out a constitutional claim and he cannot be held liable under a theory of *respondeat superior* or supervisory liability.

Robinson's claim against Green fails because there is no *respondeat superior* liability under § 1983. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d. Cir. 1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 n.3 (1981)). Individual liability can only be imposed under § 1983 if the state actor played an affirmative part in the alleged misconduct through "personal direction or . . . actual knowledge and acquiescence." *Id.*

To state a claim for supervisory liability under § 1983, Robinson must identify the specific supervisory practice or procedure the supervisor failed to follow, and then show that: "(1) the existing policy or practice created an unreasonable risk of the Eighth

Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).  An allegation that the injury would not have occurred had the supervisor "'done more'" is insufficient. *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001) (quoting *Sample*, 885 F.2d at 1118).  Robinson must identify specific acts or omissions that show deliberate indifference and establish a connection between the act or omission and the injury. *Id.*

Robinson has not alleged that Green had any involvement in his medical treatment. Nor has he identified a supervisory policy or practice that Green failed to follow.  Indeed, the only allegation made against Green is that he failed to respond to Robinson's grievance.

A prison official's failure to respond to an inmate's grievance does not necessarily make out a constitutional claim. *Hall v. Contracted Health Servs.*, No. 08–747, 2009 WL 331010, at *3 (D. Del. Feb. 10, 2009) (citing *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997), *aff'd*, 142 F.3d 430 (3d Cir. 1998)); *Price v. Deloy*, No. 08–444, 2009 WL 411437, at *3 (D. Del. Feb. 18, 2009) (holding plaintiff cannot maintain constitutional claims based on a perception that his grievances were not investigated); *Price v. Carroll*, No. 07–380, 2008 WL 170530, at *3 (D. Del. Jan. 17, 2008) (internal citation omitted) (failure to investigate a grievance does not raise a constitutional issue); *Jackson v. Grondolsky*, No. 09–1112, 2009 WL 2496511, at *6 (D. N.J. Aug. 11, 2009) (holding the "Fourteenth Amendment does not guarantee inmates a right to an investigation or a response from prison officials as to administrative grievances"); *McGuire v. Forr*, No.

94–6884, 1996 WL 131130, at *1 (E.D. Pa. Mar. 21, 1996), *aff'd*, 101 F.3d 691 (3d Cir. 1996).  A prisoner's constitutional right to seek redress of grievances as part of access to the courts is not compromised by a prison official's failure to address his grievances. *Deloy*, 2009 WL 411437, at *3 (citing *Booth v. King*, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004)); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995) (holding there is no constitutional right to participate in grievance proceedings).  Thus, Robinson has not stated a constitutional claim against Green for failing to conduct an investigation into his grievance.

A warden's participation in the review of a grievance is insufficient to establish personal involvement in the inmate's medical treatment.  *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993) (holding failure of non-physician defendant to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor does not constitute deliberate indifference); *Collins v. Williams*, 575 F. Supp. 2d 610, 615 (D. Del. 2008) (citing *Brooks v. Beard*, 167 Fed. App'x. 923, 925 (3d Cir. 2006)); *Knight v. Ebbert*, No. 09–0060, 2010 WL 1133319, at *4 (M.D. Pa. Mar. 23, 2010) ("Simply making the warden aware of a medical issue is insufficient to impose liability.").  Hence, Robinson has failed to state a cause of action for cruel and unusual punishment against Green.

Robinson has also failed to state a claim of deliberate indifference against Green, who had no hand in making medical decisions affecting him.  Non-medical prison officials are afforded wide latitude in leaving prisoners' care to medical personnel.  *Thomas v. Dragovich*, 142 F. App'x 33, 42 (3d Cir. 2005) (Becker, J., dissenting) (holding prison officials are afforded "broad discretion to leave prisoners in the hands of medical personnel").  Non-medical prison personnel are not chargeable with deliberate indifference

for withholding specific treatment from a prisoner unless they knew or should have known that medical personnel were mistreating or failing to treat a prisoner. *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)

Here, although the injury occurred on August 14, 2011, Robinson did not file a grievance with Green until December 2, 2011. Furthermore, Robinson had been seen on November 28, 2011 for his rib injury, four days prior to filing his grievance. When Robinson complained about his medical treatment, he remained under the care of the medical staff. He has not alleged that Green knew or had reason to believe that he was being mistreated by the medical personnel. *Id*. Therefore, Robinson has failed to plead facts from which a jury could find or infer deliberate indifference on Green's part.

Robinson has moved to add James Graham, M.D.; Ronald Phillips, D.O.; Catherine Halstead, R.N.; Laura Maturo, R.N.; and Kendra M., a nurse (collectively referred to as "medical defendants"). In his motion, Robinson sets forth the acts and omissions of each of these new defendants. Giving him the benefit of his *pro se* status, we shall treat his motion as an amendment to his complaint.

Considering Robinson's complaint liberally, together with the allegations in his motion to add defendants, we conclude he has failed to adequately allege deliberate indifference. His allegations as to these defendants amount to complaints regarding the adequacy of his treatment, not a deprivation of a constitutional right.

Failure to provide medical treatment to a prisoner violates the Eighth Amendment if it results from "deliberate indifference to a prisoner's serious illness or injury." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To state a claim, Robinson must plead facts that, if proven, would establish two elements: (1) he had a serious medical need; and (2) prison

8

officials were deliberately indifferent to that need.  *Spruill*, 372 F.3d at 235-36 (quoting *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)). Allegations of medical malpractice are not sufficient to establish a constitutional violation. *Id.* at 235 (internal citations omitted).

A medical need is serious if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Lanzaro*, 834 F.2d at 347 (internal citation omitted).  A prison official is deliberately indifferent if he disregards a known excessive risk to the inmate's health and safety.  Not only must the official be aware of facts from which an inference can be drawn that the inmate is exposed to a substantial risk of serious harm, he must draw that inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Under the Eighth Amendment, only claims of unnecessary and wanton infliction of pain or deliberate indifference to a prisoner's serious medical needs rise to the level of a constitutional violation.  *Spruill*, 372 F.3d at 235 (internal citation omitted).  Deliberate indifference to serious medical needs occurs when: (1) a doctor intentionally inflicts pain on a prisoner; (2) a prison official's denial of reasonable requests for medical treatment exposes the inmate to undue suffering or the threat of tangible residual injury; or (3) officials intentionally refuse to provide care even though they are aware of the need for such care.  *Id.*

Only deprivation of necessary treatment of a serious medical need violates a prisoner's Eighth Amendment rights.  Medical malpractice is insufficient to establish a constitutional violation.  *Estelle*, 429 U.S. at 105-06.  Likewise, disagreement as to proper medical treatment does not establish an Eighth Amendment violation.  *Spruill*, 372 F.3d at

9

235 (internal citation omitted).

The gravamen of Robinson's complaint is that the prison medical staff failed to provide him appropriate medical treatment for complaints of pain in his rib cage. He also complains that he was not provided the results of the x-ray and the EKG.

According to Robinson's own allegations, the medical defendants did not ignore his complaints. Instead, they treated him. He complains that the medical defendants provided ineffective medical assistance. Specifically, Halstead denied Robinson an x-ray on November 28, 2011 and only gave him three Motrin for his pain. Kendra M. denied Robinson medication, would not provide an x-ray, and advised him he did not need treatment during his December 2, 2011 sick call appointment. Graham failed to notify him as to the results of his x-ray after the radiology report was done. Maturo responded to a grievance complaint filed by Robinson on February 24, 2012, stating that the results of his x-ray and the EKG did not require him to be seen by a physician. Phillips signed off on all of the medical reports that Robinson deems to be insufficient and failed to take further action.

These allegations, singularly and collectively, do not rise to the level of a constitutional deprivation. Rather, they are nothing more than Robinson's disagreement with the course of treatment and the decisions of trained medical professionals.

Even if Robinson's rib pain gave rise to a serious medical need, the allegations do not show that Maher, Graham, Phillips, Halstead, Kendra M. or Maturo were deliberately indifferent to that need. After conferring, they developed a conservative treatment plan. At best, Robinson alleges a difference of medical opinion, not deliberate indifference, among the treating medical personnel.

The detailed complaint and the amended complaint do nothing more than chronicle Robinson's efforts to get an x-ray and the results of that x-ray and the EKG. It does not allege sufficient facts to support a plausible claim that the medical defendants intentionally refused to provide medical care in disregard of a substantial risk to his health or safety, or that they denied reasonable requests for necessary medical treatment. Accordingly, because Robinson has not alleged facts giving rise to a cause of action for deliberate indifference against the medical defendants, the complaint, as amended, will be dismissed.

## Conclusion

Because Robinson has failed to state a claim against Green, the motion to dismiss the complaint as to Green will be granted. Similarly, Robinson has failed to state a claim against the recently added individuals. Because we have considered Robinson's motion to add defendants as an amendment to his complaint, we shall not grant him leave to file a second amended complaint. To do so would be futile.